The State v. Lucas.

---

## THE STATE v. LUCAS.

1. **Criminal Law:** ACCESSORY: EXTENT TO WHICH HELD. An accessory to one crime does not thereby become answerable for another and different crime committed intentionally by his principals at the same time.

*Appeal from Allamakee District Court.*

THURSDAY, DECEMBER 16.

THE defendant, Frank Lucas, was indicted jointly with Charles Wood and James White, for a robbery from the person of R. G. Edwards, perpetrated by assaulting and wounding him with deadly weapons. The defendant was tried, convicted, sentenced and committed to the penitentiary for twelve years. He appeals.

*L. Bullis*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, J.—R. G. Edwards, on behalf of the State, testified in substance that he was night watchman for Hemmingway & Barclay's mill, at Lansing; that on the night of August 24, 1879, the defendant and Wood assaulted and knocked him down, tied his hands and feet and carried him into the mill, and that while the defendant went after a sledge to open the safe in the mill,

1. CRIMINAL law: accessory: extent to which held.

Wood took three dollars in silver from his pocket. The evidence shows that the safe was blown open on the same night. The defendant, on his own behalf, testified that he had nothing to do with robbing Edwards, and was not at the mill at all; that he rowed Wood and Harris in a skiff, from La Crosse to Lansing, and landed near the mill about nine o'clock on the night of the robbery; that Wood and Harris went up town and left him to watch the boat; that afterward they came down to the boat in a hurry and directed him to row over to Wisconsin; that on the way he saw them dividing some silver money; that when they reached the Wisconsin shore they sunk the boat; that on the way to La Crosse Wood told him all that happened, and gave him two revolvers to carry.

The court instructed the jury as follows: "If you believe from all the evidence that the defendant did not leave the boat after the arrival at Lansing; yet if you also believe that he had knowledge of the intent of his associates to commit crime, either of robbery of the man Edwards, or of robbing the safe in Barclay & Hemmingway's mill, or any other crime, and rowed them ashore for such purpose, and waited in the boat for them during their absence in committing the crime, then you will find the defendant guilty."

The doctrine of this instruction is that if the defendant knew of the intent of his associates to rob the safe in Barclay & Hemmingway's mill, and rowed them ashore for that purpose and awaited their return, he is guilty of the robbery of Edwards. This doctrine is not correct. It is true the accessory is liable for all that ensues upon the execution of the unlawful act contemplated; as, if A commanded B to beat C, and he beats him so that he dies, A is accessary to the murder. So if A commanded B to burn the house of C, and in doing so the house of D is also burnt, A is accessory to the burning of D's house. So, in this case, if Lucas had knowledge of the intention to rob the safe, and aided and abetted his associates in the commission of that offense, and

if, in furthering that purpose, a fatal assault had been made upon Edwards, the defendant would have been accessory to the murder.

But, if the accessory order or advise one crime, and the principal intentionally commit another; as, for instance, to burn a house, and instead of that he commit a larceny; or, to commit a crime against A, and instead of so doing he intentionally commit the same crime against B, the accessory will not be answerable. See 1 Wharton's Criminal Law, section 134, and authorities cited. It follows that the defendant cannot be convicted of a robbery of Edwards, from the mere fact that he abetted his associates in the robbery of Barclay & Hemmingway's safe. If the intention of Lucas was to abet, and share in the proceeds of, any robbery that his associates might commit, a different rule would apply. But this is not the thought of the instruction under consideration. Our view of the law governing this case is sufficiently indicated by the foregoing, without noticing consecutively the other errors assigned and argued.

REVERSED.